UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRANDEN WILLIE ISELI,

Plaintiff,

v.

ALL OF THE ALEG,

Defendant.

Case No. 22-cv-06140-PCP

**ORDER DISMISSING COMPLAINT WITH PREJUDICE**

Branden Iseli filed this *pro se* civil rights action under 42 U.S.C. § 1983. Dkt. No. 1. The Court reviewed the initial complaint and dismissed it with instructions on how to amend. Dkt. No. 16 ("Screening Order"). Mr. Iseli thereafter filed a First Amended Complaint ("FAC") and a Second Amended Complaint ("SAC"). Dkt. Nos. 18, 19.

The Court reviews the FAC and SAC pursuant to 28 U.S.C. § 1915A. This action is DISMISSED because Mr. Iseli did not comply with the Court's instructions and because the FAC and SAC do not state a cognizable claim for relief.

**I.      Legal Standard**

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a § 1983 claim, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by

a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**II.  Analysis**

In its prior screening order, the Court provided detailed amendment instructions to Mr. Iseli. He failed to comply with those instructions, and failed to state a cognizable claim for relief in his FAC or SAC.

In the prior order, the Court noted that the face of the complaint suggested Mr. Iseli had failed to exhaust his administrative remedies before filing suit, and instructed him to clearly describe his efforts to exhaust. Screening Order at 3-4. In contravention of these instructions, it still is unclear whether Mr. Iseli exhausted his administrative remedies before filing suit. In his FAC, Mr. Iseli "plead[s] the 5th Amendment" regarding his exhaustion efforts. FAC at 1. In his SAC, Mr. Iseli simultaneously claims that he exhausted, and claims that he did not but that "fact by discovery" would show why. SAC at 3, 4. Mr. Iseli thus did not "prove that he exhausted *all* of his claims before he filed this action," as he was instructed to do. Screening Order at 4 (emphasis in original).

The Court also instructed Mr. Iseli to identify the defendants who harmed him and the ways in which each defendant caused him harm. Screening Order at 5-7. In contravention of these instructions, Mr. Iseli neither identifies a suitable defendant nor explains how any defendant harmed him. The FAC sued "All of the ALEG" without explaining what "ALEG" is, whether this person or entity was acting under state law, or what wrong this defendant committed. FAC at 1. The SAC sues the State of California, although Mr. Iseli was already told this is impermissible. *Compare* SAC at 1 *with* Screening Order at 7. The SAC also sues "Fact by Discovery" and Judge Gonzalez Rogers without identifying how either defendant harmed him. SAC at 3. Mr. Iseli thus did not "state the specific acts of the defendant that violated the plaintiff's rights," as he was instructed to do. Screening Order at 4.

The Court also instructed Mr. Iseli to articulate his claims clearly and to "set forth specific facts explaining the circumstances of each claim," as instructed. Screening Order at 7. Mr. Iseli's FAC does not comply with these instructions, but rather describes the case as follows:

> Covid 19 virus and a state fier that accured and all that's facted as an

> offer of proof to the Court related to such surcomstances, property damages, pain and suffering per claim individually, and all that's facted by discovery and claims of such, incompitancies as well pain, and suffering, rights to a fair review, pending due process, if possible a physical appearance for completion of relief if granted, and a trust fund account of the max, and a emergency notice - Covid 19 virus and all that applies to such notice[.] Just the relief on Covid 19 virus it self can be worth billions of dollars, "Red Bull did not give the person wings," "the person won $150,000,000 in law suit due to such" the red bull part a topic of reference for relief requested.

FAC at 2-3 (errors in original). This statement does not identify any wrong suffered by Mr. Iseli or any Constitutional or statutory right that was violated, much less provide facts to support his claims. Mr. Iseli thus failed to comply with the Court's instructions, and failed to state a claim.

Likewise, none of the SAC's claims are cognizable. In his first claim, Mr. Iseli complains of "a state fier that accrude in Crescent City" while he was incarcerated in the vicinity. *Id*. at 4. As Mr. Iseli was already informed, a § 1983 claim cannot be premised on a random and unauthorized deprivation of property such as that caused by a fire. Screening Order at 6 (explaining this claim is not cognizable, and citing cases). In his second claim, Mr. Iseli complains generally of the COVID-19 virus, but does not identify any specific harms he suffered or provide any facts regarding how the COVID-19 virus affected him. SAC at 5. In his third claim, Mr. Iseli complains of a "state fier that accrude in Paradise, California" while he was incarcerated, *id*. at 6, but does not explain how he was harmed by a fire that occurred nearly 300 miles away from his place of incarceration, nor how the fire could be attributed to any defendant, *see generally, id*. Finally, Mr. Iseli asks the Court to review an Eastern District of California decision denying his habeas petition. *Id*. at 10-24. This claim is not cognizable because this Court has no power to review the decision of another federal district court. If Mr. Iseli disagrees with the Eastern District decision, his remedy lies in an appeal.

A district court may deny leave to amend if it finds any of: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; [or] (5) [the] plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Here, Mr. Iseli was given an opportunity and detailed instructions on how to amend but still did not state a cognizable claim for relief. The Court concludes that further leave to amend would be futile and should not be granted. *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir.

3

1994) (leave to amend need not be given where amendment would be futile).

### III. CONCLUSION

This action is dismissed for failure to state a claim upon which relief may be granted. Because amendment would be futile, dismissal is without leave to amend and with prejudice.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 20, 2023

P. Casey Pitts
United States District Judge